```
LIU & NAIME
OMAR M. NAIME, State Bar No. 234337
omn@socalfamlaw.com
8291 Utica Avenue, Suite 100A
Rancho Cucamonga, California 91730
Telephone: (909)941-4114
Facsimile: (909)941-4118
```

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CARDENAS by and through his guardian ad litem, JACQUELINE HERMANN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HAYNES FAMILY OF PROGRAMS, Inc., d/b/a HAYNES EDUCATION CENTER; and DOES 1-10,<br>　　　　Defendants. | **CASE NO.: 5:20-CV-00367**<br><br>**COMPLAINT**<br><br>1) THE AMERICANS WITH DISABILITIES ACT OF 1990;<br>2) UNRUH CIVIL RIGHTS ACT;<br>3) CALIFORNIA DISABLED PERSONS ACT;<br>4) DECLARATORY RELIEF;<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF, Andrew Cardenas by and through his guardian *ad litem*, Jacqueline Hermann, alleges as follows:

## INTRODUCTION

1. Plaintiff submits this claim for violations of his civil rights based upon the Defendants' violations of Federal and California laws.

2. Plaintiff is a disabled student with an intellectual disability, epilepsy, and mobility, vision, and hearing impairments. Plaintiff is confined to a wheelchair.

3.      The Americans with Disabilities Act ("ADA") was enacted more than twenty-nine (29) years ago, on July 26, 1990. It established, and remains, the most important and comprehensive civil rights for persons with disabilities in our country's history. The ADA prohibits discrimination and guarantees that people with disabilities have the same opportunities as everyone else to participate in the mainstream of American life. A principal purpose of the ADA is the integration of people with disabilities into all aspects of social life, including schools. (42 U.S.C. § 1210(a).) Despite these long-standing mandates, Plaintiff suffers ongoing deprivations of his civil rights because of Defendants' continued violations of federal and state disability laws. Plaintiff has not been able to attend school since on or about December 5, 2019 because he cannot access his classroom. Plaintiff is a special education student within the jurisdictional boundaries of the San Bernardino City Unified School District ("SBCUSD" or "DISTRICT"). DISTRICT has contracted with the Haynes Family of Programs, Inc., d/b/a Haynes Education Center ("HAYNES"), a nonpublic, nonsectarian school ("NPS"), to provide Plaintiff with education and services. Plaintiff attends the Haynes Education Center. HAYNES has failed to design, construct, and/or own or operate the Haynes Education Center so that it is fully accessible to, and independently usable by, disabled people. On or about December 4, 2019, HAYNES changed Plaintiff's classroom which has resulted in multiple, pervasive, and hazardous architectural barriers including, *inter alia*, an inaccessible classroom and path of travel, which has made the school not fully accessible. There are lengthy steep inclines and no wheelchair ramp granting access to the classroom. On December 4, 2019, Plaintiff could not access his new classroom. Instead, he was segregated in a separate room without a teacher and received no education. Plaintiff's mother met with Anthony Becker, a representative from DISTRICT, and the principal and Plaintiff's teacher from HAYNES at Haynes Education Center on December 5, 2019. DISTRICT'S representative, Anthony Becker, opined that HAYNES was in violation of the ADA.

The principal from HAYNES refused to remove the architectural barriers. HAYNES has in fact failed to remove the architectural barriers. Mr. Beker advised Plaintiff's mother not to send Plaintiff to HAYNES until the violations were rectified. Unfortunately, that has not happened. In fac, DISTRICT'S representative, Anthony Becker, left Plaintiff's mother a voice message, and sent her an email, on January 16, 2020, telling her that he has spoken with HAYNES and that they would not comply with the ADA. Plaintiff has not attended school since on or about December 5, 2019. Not only have Defendants violated the ADA, they have violated state disability laws as set forth herein.

4. This is not the first time Defendants have violated federal and state non-discrimination laws. Plaintiff missed over two (2) months of school and several field trips because Defendants failed to provide transportation that could accommodate his wheelchair or that had a wheelchair lift.

5. Plaintiff seeks declaratory and injunctive relief as wells as damages against Defendants for denying him full and equal access to Defendants' programs, services, and activities. Plaintiff has no adequate remedy at law and unless Defendants are preliminarily and permanently enjoined, Plaintiff will continue to suffer irreparable harm as a result of his exclusion from school.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*.

7. Through the same actions and omissions that form the basis of Plaintiff's federal claims, Defendants have also violated Plaintiff's rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. This Court has jurisdiction to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, as well as Federal Rule of Civil Procedure 65.

## VENUE

9. Pursuant to 28 U.S.C. section 1391(b), venue is proper in the district in which the Complaint is filed, which is the judicial district in which the claims have arisen, the Central District of California.

## PARTIES

10. At all times relevant and mentioned herein, Plaintiff was, and is, enrolled at HAYNES. Plaintiff is a nineteen (19) year-old young man with disabilities, including but not limited to, an intellectual disability, epilepsy, and mobility, vision, and hearing impairments. At all times relevant and mentioned herein, Plaintiff was, and is, wheelchair bound. At all times relevant and mentioned herein, Plaintiff did, and does, qualify for special education and related services under the Individuals with Disabilities Education Act ("IDEA"). At all times relevant and mentioned herein, Plaintiff was, and is, a person with a disability within the meaning of all applicable state and federal disability non-discrimination laws. This action is brought by Ms. Hermann on behalf of Plaintiff.

11. Plaintiff is informed and believes, and thereupon alleges, that at all times relevant and mentioned herein, Defendant HAYNES, was, and is, a California corporation with a principal place of business in the City of La Verne, County of Los Angeles, State of California. HAYNES operates the Haynes Education Center, an NPS that is certified by the California Department of Education. HAYNES provides education and services to special education students from different public-school districts via contracts with public school districts. Plaintiff is informed and believes, and thereupon alleges, that HAYNES is authorized to do, has regularly done, and is doing business within the County of Los Angeles, in the State of

California, and has systematically conducted business on a regular basis in the State of California, under the virtues of the laws of the State of California.

12. At all times relevant and mentioned herein, HAYNES was, and is, a public accommodation pursuant to 42 U.S.C. section 12181(7)(J).

13. At all times relevant and mentioned herein, HAYNES was, and is, a business establishment within the meaning of the Unruh Civil Rights Act.

14. The true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise, of DOES 1 through 10 inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES 1 through 10 was, and is, responsible in some way for the events and damages alleged herein. Plaintiff will amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

15. Plaintiff is informed and believes and thereon alleges that at all times relevant and mentioned herein, Defendants, including DOES 1 through 10, and each of them, were, and are, agents, ostensible agents, masters, servants, employers, employees, representatives, alter egos, trustors, trustees, affiliates, related entities, successors in interest, partners, associates and/or joint venturers, or such similar capacities, of each other, and were, and are, as such, acting or failing to act within the course and scope of each aforementioned capacity, and with the consent, permission, authorization or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

16. Hereafter, references to "Defendants" shall include paragraphs 11 through 15, inclusive, above.

## FACTUAL ALLEGATIONS

17. Plaintiff realleges and incorporates as if fully stated herein, each and every allegation and statement contained in paragraphs 1 through 16 inclusive, of the Complaint.

18. Plaintiff is a student with disabilities that qualifies for special education and related services under the IDEA. *Inter alia*, Plaintiff has an intellectual disability, epilepsy, is wheelchair bound, and has vision and hearing impairments.

19. DISTRICT has contracted with HAYNES to provide Plaintiff with education and services. Plaintiff is enrolled at Haynes Education Center through a contract between DISTRICT and HAYNES.

20. Unfortunately, Defendants have violated federal and state anti-discrimination statutes since Plaintiff began attending HAYNES at or around the beginning of the 2019-2020 school year. There were problems from the beginning. For example, Defendants failed to provide transportation that could accommodate Plaintiff's wheelchair or that had a wheelchair lift. Plaintiff missed over two (2) months of school and several field trips because of the lack of appropriate transportation.

21. On or about December 4, 2019, HAYNES moved Plaintiff's classroom which resulted in inaccessible paths of travel and an inaccessible classroom. This class is on the far end of campus and there is a lengthy steep slope to get to Plaintiff's classroom. Moreover, the classroom lacks a wheelchair ramp. In addition, when it rains, additional physical barriers are put in front of the classroom to avoid flooding.

22. Plaintiff could not access his classroom on December 4, 2019. Plaintiff was sent to a different room that did not have a teacher or other students. Plaintiff was completely segregated and received no education or services that day.

23. On December 5, 2019, Plaintiff's mother, Plaintiff's teacher from HAYNES, the principal from HAYNES, and a DISTRICT representative named Anthony Becker, met at HAYNES. The DISTRICT representative, Anthony Beker, stated that the inaccessible path and classroom were ADA violations. The principal from HAYNES refused to remove the architectural barriers.

24. The DISTRICT representative, Anthony Beker, told Plaintiff's mother to no longer send Plaintiff to HAYNES because of the ADA violations. Defendants have continued to refuse to remove the architectural barriers. DISTRICT representative, Anthony Becker, left Plaintiff's mother a voice message, and sent her an email, on January 16, 2020, informing her that HAYNES was still refusing to comply with the ADA and state anti-discrimination laws. Plaintiff has not attended school since December 5, 2019 because of Defendants' continued violations of federal and state anti-discrimination laws.

25. As a result of Defendants' misconduct and failure to remove architectural barriers, Plaintiff has been denied full and equal access to, and the benefits of, the programs, services, and activities, of HAYNES.

26. Plaintiff has suffered, *inter alia,* humiliation, emotional distress, a violation of his civil rights, and the loss of educational opportunities. As the discriminatory policies and practices herein alleged are ongoing, they constitute a continuing violation of Plaintiff's rights and will result in irreparable injury.

27. Unless enjoined, Defendants will continue to engage in the unlawful acts and practices of discrimination described herein. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

28. An actual controversy has arisen and now exists between the parties concerning the respective rights, duties, and obligations under Federal and State law. Accordingly, Plaintiff is entitled to declaratory relief.

///

///

# FIRST CLAIM FOR RELIEF

(Violation of the Americans with Disabilities Act, 42 U.S.C.

§§ 12101, *et seq.* - Against All Defendants)

29. Plaintiff realleges and incorporates as if fully stated herein, each and every allegation and statement contained in paragraphs 1 through 28, inclusive, of the Complaint.

30. Congress enacted the ADA upon finding, *inter alia*, that "society has tended to isolate and segregate individuals with disabilities," and that such forms of discrimination continue to be a "serious and pervasive social problem." Congress explicitly cited education as a critical area where such discrimination persists. (42 U.S.C. § 12101(a)(2)-(6).)

31. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." (42 U.S.C. § 12101(b)(1)-(2).)

32. Defendants' acts and omissions alleged herein are in violation of the Americans with Disabilities Act, 42 U.S.C. sections 12101, *et seq.*, and the regulations promulgated thereunder 28 C.F.R Parts 36, *et seq.*

33. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible, and independently usable by, individuals with disabilities. (42 U.S.C. §§ 12181-89.)

34. 42 U.S.C. § 12182(a) states, "[N]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

35. 42 U.S.C. §12181(7)(J) provides that, "a nursery, elementary, secondary, undergraduate or post graduate private school, or other place of education" is a public accommodation for purposes of Title III of the ADA.

36. HAYNES is a public accommodation pursuant to Title III of the ADA because it is a school and place of education.

37. Defendants have discriminated against Plaintiff in that they have failed to remove architectural barriers to make Haynes Education Center fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(b)(2)(A)(iv), and the regulations promulgated thereunder 28 C.F.R. Part 36, *et seq.*, and the ADAAG. Among other things, Plaintiff has an inaccessible path to his classroom because it is long and steep, and an inaccessible classroom because there is no ramp. 28 C.F.R. Part 36.304 specifically lists installing ramps as an example of a step to remove barriers.

38. Compliance is readily achievable by Defendants due to the low costs of installing a ramp in the front of the school and at Plaintiff's classroom. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense. Compliance would neither fundamentally alter the nature of Haynes Education Center nor result in an undue burden to Defendants.

39. Defendants' acts and omissions as herein alleged have excluded and denied Plaintiff full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations of HAYNES, and Defendants have thus discriminated against him on the basis of his disability in violation of Title III of the ADA and its implementing regulations.

40. As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff has suffered emotional distress, loss of his civil rights, and the loss of educational opportunities on the basis of his disability.

41. As a proximate result of the actions of Defendants as described herein, Plaintiff is entitled to declaratory and injunctive relief, damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's cost of suit incurred herein, and such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(Violation of California Civil Code §§51, *et seq.* (Unruh Act)

As against All Defendants)

42. Plaintiff realleges and incorporates as if fully stated herein, each and every allegation and statement contained in paragraphs 1 through 41, inclusive, of the Complaint.

43. Through the acts and omissions described herein, Defendants have violated California Civil Code § 51(b), which provides in pertinent part, that, "[A]ll persons within the jurisdiction of this state are free and equal, and no matter what his … disability or medical condition … are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

44. Plaintiff is, and at all times herein relevant, was, disabled as defined in California Government Code sections 12926 and 12926.1 and has one or more medical conditions as defined in California Government Code section12926(h).

45. As a person within the jurisdiction of the State of California, Plaintiff was, and is, entitled to full and equal accommodations and treatment and is entitled to be free from discrimination on the basis of his disabilities and medical conditions.

46. HAYNES is a "business establishment" within the meaning of California Civil Code §§ 51, *et seq.*

47. Defendants have deprived Plaintiff of his civil rights in violation of California Civil Code section 51 *et seq.* by, *inter alia*, denying, or aiding or inciting the denial of Plaintiff's rights to full and qual use of the accommodations,

advantages, facilities, privileges or services offered by Defendants. Defendants have denied Plaintiff an accessible path and an accessible classroom at HAYNES. As a result of the acts of Defendants, Plaintiff has not been able to attend school since December 5, 2019.

48. Defendants have violated the Unruh Civil Rights Act in that the conduct alleged herein constitutes a violation of the ADA, pursuant to California Civil Code §51(f).

49. Pursuant to California Civil Code §52.1(f), Defendants are liable to Plaintiff for up to three times the amount of actual damages, but in no case less than $4,000.00 per violation.

50. As a proximate result of the acts and omissions of Defendants, as described herein, Plaintiff is entitled to declaratory and injunctive relief, damages according to proof, treble damages from individual Defendants, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, and such other and further relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF

(Violation of California Civil Code §§ 54, *et seq*. (California Disabled Persons Act – Against All Defendants)

51. Plaintiff realleges and incorporates as if fully stated herein, each and every allegation and statement contained in paragraphs 1 through 50, inclusive, of the Complaint.

52. California Civil Code § 54.1(a) explicitly states that persons with disabilities shall be entitled to full and equal access to private schools. HAYNES is a private school.

53. Defendants are in violation of Plaintiff's right to full and equal access to HAYNES.

54. By violating the ADA, as set forth above, Defendants have violated the California Disabled Persons Act.

55. Plaintiff has no adequate or speedy remedy at law for Defendants' conduct described herein. Because Defendants' discriminatory conduct is ongoing, Plaintiff is entitled to declaratory and injunctive relief. Plaintiff is also entitled to recover his reasonable attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

(Declaratory Relief – Against All Defendants)

56. Plaintiff realleges and incorporates as if fully stated herein, each and every allegation and statement contained in paragraphs 1 through 55, inclusive, of the Complaint.

57. A present and actual controversy exists regarding the respective rights and obligations of Plaintiff and Defendants. Plaintiff desires a judicial determination of his rights and Defendants' obligations in a declaration as to whether, and to what extent, the Defendants' conduct violates applicable law.

58. Such a declaration is necessary and appropriate at this time in order that Plaintiff may ascertain his rights. Such a declaration is also necessary and appropriate to prevent further harm or infringement of Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as follows:

## PRAYER FOR RELIEF

1. A declaration that Defendants' conduct, as alleged herein, has violated, and continues to violate Title III of the ADA, the Unruh Civil Rights Act, and the California Disabled Persons Act;

2. That this Court issue an injunction pursuant to the ADA and Plaintiff's related state law claims:

        a.    Enjoining HAYNES from changing Plaintiff's classroom or ordering HAYNES to remove architectural barriers and provide accommodations and modifications allowing Plaintiff access to his school and classroom; and

    3.    That this Court retain jurisdiction of this case until Defendants have fully complied with the orders of this Court, and until there are reasonable assurances that Defendants will continue to comply in the future, absent continuing jurisdiction;

    4.    That this Court award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this Court, and that these damages be trebled as permitted by statute;

    5.    That this Court award Plaintiff special and consequential damages according to proof;

    6.    That this Court award Plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law;

///

///

///

7.  For prejudgment interest pursuant to *California Civil Code* §3291; and

8.  For such other and further relief as the Court may deem just and proper.

Dated: February 24, 2020                                         LIU & NAIME

By: /s/ Omar M. Naime
Omar M. Naime
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues triable of right by jury.

Dated: February 24, 2020                                         LIU & NAIME

By: /s/ Omar M. Naime
Omar M. Naime
Attorneys for Plaintiff

14- COMPLAINT

15- COMPLAINT